IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KARL C. WETHERBY,

   Petitioner,

              Case No. 2:14-cv-00361
 v.             Judge Marbley
               Magistrate Judge King

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

   Respondent.

## OPINION AND ORDER

  On August 13, 2015, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation* (ECF No. 14). Petitioner objects to that recommendation, *Objection* (ECF No. 15), and also asked to dismiss the action without prejudice, *Motion to Voluntarily Dismiss without Prejudice* (ECF No. 18) Respondent opposes Petitioner's *Motion to Voluntarily Dismiss without Prejudice*. *Response in Opposition* (ECF No. 20).

  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Motion to Voluntarily Dismiss without Prejudice* (ECF No. 20) is **DENIED**. Petitioner's *Objection* (ECF No. 15) is **OVERRULED**. The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** with prejudice.

  This case involves Petitioner's convictions after a jury trial in the Licking County Court of Common Pleas on obstructing official business and aggravated menacing with firearm specifications.[1] Petitioner alleges that the evidence is constitutionally insufficient to sustain his

---

[1] The Ohio Court of Appeals reversed Petitioner's conviction on inducing panic. *State v. Wetherby*, No. 12-CA-69, 2013 WL 4028681 (Ohio App. 5th Dist. Aug. 1, 2013).

1

convictions and that his convictions are against the manifest weight of the evidence; that his actions were privileged and therefore could not form the basis of criminal liability; that he was denied a fair trial because of improper jury instructions; and that he was denied the effective assistance of trial and appellate counsel. The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or without merit.

**Motion to Voluntarily Dismiss**

In one of his claims asserted in this action, Petitioner contends that he was denied the effective assistance of appellate counsel and meaningful access to appellate review when the state appellate court denied his appeal. Petitioner has never presented this particular claim to the state courts and the Magistrate Judge recognized that Petitioner may still present this claim in a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *Report and Recommendation,* PageID# 769. Although this claim is therefore technically unexhausted, the Magistrate Judge nevertheless recommended dismissal of this claim as plainly without merit. *Report and Recommendation,* PageID# 769-70 (citing 28 U.S.C. § 2254(b)(2)).

In addition to objecting to the *Report and Recommendation,* Petitioner has also asked the Court to dismiss this action without prejudice so that he may file a delayed Rule 26(B) application and then re-file his habeas corpus petition, including all the claims presently before the Court. *Motion to Voluntarily Dismiss without Prejudice* (ECF No. 18). Respondent opposes Petitioner's request, representing that the State has already expended considerable time and resources in responding to Petitioner's claims, and arguing that the State will suffer prejudice should Petitioner be permitted to dismiss this action without prejudice. *Response in Opposition* (ECF No. 20).

Under the circumstances, this case may be dismissed without prejudice "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).[2] This provision of Rule 41 is intended to prevent voluntary dismissals that result in "plain legal prejudice" to the opposing party. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir.1994). In considering whether a party will suffer plain legal prejudice as a result of a voluntary dismissal of an action, a court should consider such factors as

> the defendant's effort and expense of preparation for trial, excessive delay and diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* at 718 (citing *Kovalic v. DEC International, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988). However, these factors "are 'simply a guide for the trial judge, in whom the discretion ultimately rests.'" *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 502 (6th Cir. Feb. 16, 2007) (quoting *Kovalic*, 855 F.2d at 474).

Here, Respondent has expended time and resources in filing the *Return of Writ*, and will therefore suffer prejudice should the case be re-filed at a later date. It is also significant that Petitioner has not yet, apparently, pursued a delayed Rule 26(B) application in the state courts. Moreover, any delayed Rule 26(B) application would almost certainly be denied as untimely. Moreover, and as the Magistrate Judge concluded, Petitioner requests a dismissal without prejudice in order to exhaust a claim that plainly lacks merit. Petitioner does not identify, and the record does not reflect, any potentially meritorious issues that Petitioner's attorney should have raised on appeal, but did not. Petitioner therefore cannot establish the denial of the effective assistance of appellate counsel under the test established in *Strickland v. Washington*,

---

[2] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts permits application of the Federal Rules of Civil Procedure in habeas corpus proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules...."

3

466 U.S. 668 (1984). For these reasons, Petitioner's *Motion to Voluntarily Dismiss without Prejudice* (ECF No. 18) is **DENIED**.

**Objection**

In his *Objection* to the Magistrate Judge's *Report and Recommendation*, Petitioner states: "Petitioner and Co-Defendant juries were not allowed to hear the facts of the case. . . . Co-Defendant was the legal owner on the day in question. State use[d] falsified documents to cover the true facts." *Objection* (ECF No. 15, PageID# 773). In support of this objection, Petitioner attaches "trial transcript pages of proffered testimony from Co-Defendant's trial." *Id.*

Petitioner presented similar arguments in support of his claim of insufficiency of the evidence. However, for the reasons detailed by the Magistrate Judge, the evidence is constitutionally sufficient to sustain Petitioner's convictions under the standard set forth in *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). Moreover, the record does not establish that the state appellate court contravened or unreasonably applied federal law, or based its decision on an unreasonable determination of the facts in light of the evidence that was presented, so as to warrant federal habeas relief. *See* 28 U.S.C. § 2254(d). Nothing in the excerpt of the trial transcript Petitioner has attached in support of his *Objection* alters this conclusion.

For these reasons, Petitioner's *Motion to Voluntarily Dismiss without Prejudice* (ECF No. 20) is **DENIED**. Petitioner's *Objection* (ECF No. 15) is **OVERRULED**. The *Report and Recommendation* (ECF No. 14) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** with prejudice.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

ALGENON L. MARBLEY
United States District Judge

4